UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAKALE WASHINGTON,

      Plaintiff,

v.

                                    Case No. 24-cv-10722
                                    Honorable Linda V. Parker

SODECIA AUTOMOTIVE,

      Defendant.
_____/

**<u>OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS (ECF NO. 3)</u>**

      Plaintiff Makale Washington filed this lawsuit against his former employer, Sodecia Automotive ("Sodecia") on March 20, 2024.  In his Complaint, Mr. Washington claims race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA") and retaliation in violation of both statutes and 42 U.S.C. § 1982.  The matter is presently before the Court on Sodecia's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 3.)  The motion is fully briefed.  (ECF Nos. 8, 9.)  For the reasons discussed below, although the Court finds Mr. Washington's Title VII claims to be timely, it concludes that he fails to allege facts to adequately plead his claims under Title VII, ELCRA, and § 1981.  Therefore, the Court is granting Sodecia's motion.

I.   **Standard of Review**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

II.  **Factual & Procedural Background**

Mr. Washington is African American. (ECF No. 1 at PageID. 2 ¶ 6.) He began working for Sodecia sometime in January 2023. (*Id*. ¶ 7.) Before being hired, he "was subjected to three interviews and a walk through," at which time the plant manager, Harry Peoples, assured him he would have the necessary support required to complete his job and longevity. (*Id*. ¶¶ 8-9.)

On his first day of work, Mr. Washington was partnered with "Carl," the first shift supervisor, who Mr. Washington claims lacked managerial experience and

knowledge about the assigned department. (*Id*. ¶ 10.) Mr. Washington alleges that he was not provided the tools he needed to complete his job, was expected to do work outside his covered shift, and, when he asked Carl questions, Carl said he had not received any training to assist him. (*Id*. ¶¶ 11, 14.) According to Mr. Washington, first-shift employees had more tools and support to complete their job than those on the second shift. (*Id*. ¶¶ 12-13.)

Mr. Washington tried to meet with Mr. Peoples to discuss his concerns, but Mr. Peoples "blew [him] off." (*Id*. at PageID. 2-3 ¶¶ 15-16.) Mr. Washington was blamed for not completing his job, but he was not provided the resources to do so, and the jobs were outside his job description. (*Id*. ¶ 18.)

On one occasion, a tool broke and Mr. Washington requested support in a group chat. (*Id*. ¶ 21.) Another employee, "Paulo," responded that calling for help was not his job, he was in the middle of his job supervising, and that Mr. Washington needed to call for additional help. (*Id.*) Mr. Washington alleges that "Defendant told [him] not to speak to them that way and to do his job." (*Id*. ¶ 22.) Mr. Washington responded that the requested tasks were not in his job description. (*Id.*)

About a week later, Mr. Washington was called into a meeting with Mr. Peoples and "Karla from Human Resources" to discuss the conversation between Mr. Washington and Paulo. (*Id*. ¶ 23.) According to Mr. Washington, "Karla

3

informed [him] that he was correct about Paulo requesting him to do tasks outside his job description." (*Id*. ¶ 24.) Mr. Washington asked Mr. Peoples and Karla to tell Paulo "not to speak disrespectfully towards [him], . . . which they agreed to do." (*Id*. ¶ 25.)

When Mr. Washington returned to the floor after the meeting, he was stopped by "Charles, who instantly started yelling at him disrespectfully and pointing his fingers in [his] face." (*Id*. at PageID. 4 ¶ 26.) The next day, Mr. Washington was terminated for "performance reasons[.]"[1] (*Id*. ¶ 27.)

After his termination, Mr. Washington apparently filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), as he received a right-to-sue notice on December 21, 2023. (*Id.* ¶ 29.) As indicated earlier, he filed the current lawsuit on March 20, 2024.

### III. Applicable Law & Analysis

Sodecia argues that Mr. Washington fails to plead sufficient facts to plausibly plead his discrimination and retaliation claims. Sodecia also argues that Mr. Washington's Title VII claims are barred because his EEOC charge was filed beyond the statute's 300-day statute of limitations.

---

[1] Mr. Washington does not identify the date he was terminated in his Complaint. The parties state in their briefs that it was February 22, 2023. (*See* ECF No. 3-1 at PageID. 16; ECF No. 8 at PageID. 38.)

The Court quickly disposes of Sodecia's last argument first. As relevant here, Title VII requires an employee to file a charge with the EEOC within 300 days from the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Sodecia presents no documentation—those properly considered on a Rule 12(b)(6) motion or otherwise—establishing when Mr. Washington filed his EEOC charge. For that reason, Sodecia also presents no documentation as to when Mr. Washington alleged the discriminatory and retaliatory conduct presented in his charge occurred.

In any event, Mr. Washington was terminated on February 22, 2023. Based on that date, the last day he could file his EEOC charge was December 19, 2023. According to the briefs, that was the date the charge was filed. As such, his Title VII claims are not time barred. However, he fails to allege facts to plausibly plead those claims, as well as the other claims asserted in his Complaint.

To plead his race discrimination claims under Title VII, Mr. Washington must allege facts to show that Sodecia's actions were motivated by his race. *See Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009) (citing *Hall v. Baptist Mem'l Health Care Corp.*, 215 F.3d 618, 627 (6th Cir. 2000)). In other words, he must allege facts which plausibly infer that he was discriminated against because of his race. *Id*. Similarly, to state a claim under § 1981, Mr. Washington must plead facts showing that he "possesse[d] some

contractual right that [Sodecia] blocked or impaired" and "that racial discrimination drove the decision to interfere with these contractual rights." *Williams v. Richland Cnty. Children Servs.*, 489 F. App'x 848, 851 (6th Cir. 2012) (citing *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006)). Courts "review claims of alleged racial discrimination under § 1981 and [ELCRA] under the same standards as claims of race discrimination brought under Title VII." *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999)); *see also Barrett v. Whirlpool Corp.*, 556 F.3d 502, 512 (6th Cir. 2009).

To plead his retaliation claims under Title VII and ELCRA, Mr. Washington must allege facts showing: (1) that he opposed what he reasonably believed to be a discriminatory practice and (2) "a causal link between [his] claimed protected activities and [his termination]." *Kinney v. McDonough*, No. 21-1414, 2022 WL 223633, at *7 (6th Cir. Jan. 26, 2022) (quoting *Koutsoukos v. Adecco USA, Inc.*, No. 16-2610, 2017 WL 5514558, at *2 (6th Cir. July 14, 2017) (citing *Allen v. Mich. Dep't of Corr.*, 165 F.3d 405, 413 (6th Cir. 1999)). To come within the protection of these statutes, Mr. Washington must have communicated to Sodecia a belief that unlawful discrimination occurred. *See Crawford v. Metro. Gov't of Nashville & Davidson Cnty.*, 555 U.S. 271, 276 (2009).

"[T]he Supreme Court established a 'plausibility' standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal

6

conclusions, and that standard applies to causation in discrimination claims." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (citing *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 612-13 (6th Cir. 2012); *Pedreira*, 579 F.3d at 728). This plausibility standard also applies to retaliation claims. *See Nwabue v. Wayne State Univ. Sch. of Med.*, 513 F. App'x 551, 553 (6th Cir. 2013). Pursuant to that standard, Mr. Washington must "allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that Sodecia discriminated against him because of his race or retaliated against him for opposing what he believed to be discriminatory conduct. *Id.* (quoting *Iqbal*, 556 U.S. at 678, 679). While "detailed factual allegations" are not required, "a complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of action is insufficient." *El-Hallani v. Huntington Nat'l Bank*, 623 F. App'x 730, 734-35 (6th Cir. 2015) (quoting *HDC*, 675 F.3d at 614). Mr. Washington's Complaint falls woefully short of satisfying this standard.

     Mr. Washington alleges that he is African American. But, aside from legal conclusions that Sodecia engaged in race discrimination, this is where any discussion of his race ends. Contrary to his assertion in response to Sodecia's motion, Mr. Washington's pleading is devoid of any facts from which a reasonable inference could be drawn that the complained of conduct was because of his race.

Nowhere in his Complaint does he provide "detailed instances where he was treated differently from colleagues of different races[,]" such as being "assigned more burdensome tasks" or being "denied access to meetings[.]" (ECF No. 8 at PageID. 37.) Mr. Washington offers nothing more than his speculative belief that, because he is African American, he was mistreated and terminated.

Similarly, the Complaint is devoid of facts from which a reasonable inference could be drawn that Mr. Washington engaged in protected conduct. The opposition clause of Title VII, which is what Mr. Washington claims was violated, makes it "unlawful for an employer to discriminate against any of his employees because [the employee] has opposed any practice made unlawful by this title." *Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 344 (6th Cir. 2021) (quoting 42 U.S.C. § 2000e-3(a)) (ellipsis removed). While the employee's complaint need not "be lodged with absolute formality, clarity, or precision, . . . the employee must allege more than a vague charge of discrimination." *Id.* (internal quotation marks and citations omitted).

Mr. Washington does not allege that he reported discriminatory conduct to Karla or Mr. Peoples. Nor does he allege that he told them that Paulo or anyone else was treating him unfairly or differently because of his race or any other protected characteristic. At most, the Complaint conveys that Mr. Washington reported that Paulo acted "disrespectfully towards [him]." Thus, Mr. Washington

8

fails to plead facts to plausibly infer that he engaged in protected activity. *See Samuels v. Corr. Med. Servs., Inc.*, 591 F. App'x 475, 484-85 (6th Cir. 2015) (concluding that the plaintiff's statements which failed to connect any vague reference to harassment, discrimination, and retaliation to any protected status did not amount to protected activity); *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1313 ("An employee may not invoke the protections of [Title VII] by making a vague charge of discrimination."); *Thompson v. Fed. Express*, No. 13-cv-14296, 2015 WL 3915777, at *7 (E.D. Mich. June 25, 2015) (finding that the plaintiff failed to show that she engaged in protected conduct, as "[n]one of [her] documented complaints to FedEx ever suggested that she believed [another employee] was targeting her because of her race").

Because Mr. Washington fails to allege sufficient facts to plausibly support the claims alleged in his Complaint, they are subject to dismissal. Mr. Washington cannot evade this outcome by inserting a one-sentence request in his response to amend the pleading if it is found deficient (*see* ECF No. 8 at PageID. 73), where he does not indicate what additional facts he could allege to cure the deficiencies, *see La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLC*, 622 F.3d 471, 486 (6th Cir. 2010) (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004)) ("[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought . . . does not constitute a motion

9

within the contemplation of [Federal Rule of Civil Procedure] 15(a)"). Mr. Washington does not identify what additional facts might be pleaded to save his claims.

Accordingly,

**IT IS ORDERED** that Defendant Sodecia Automotive's motion to dismiss (ECF No. 3) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 18, 2025